UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER C. OHDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  3:06-CV-759 RM |
| | ) |
| JOHN E. POTTER, POSTMASTER | ) |
| GENERAL OF THE UNITED STATES | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

On November 13, 2006, Jennifer Ohda filed a complaint against John E. Potter, Postmaster General, alleging that while she was a Post Office employee she was subjected to sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.[1] The Postal Service seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the following reasons, the court denies the motion.

The following facts are recited for purposes of resolving this motion. On July 23, 2005, Ms. Ohda was hired by the Postal Service and attended a week of training at the main branch in South Bend, Indiana. She was then assigned to the Olive Street Branch. During her first three days there, Ms. Ohda alleges that she was subjected to offensive remarks made by her supervisor Lydia Batteast. On August 1, Ms. Ohda complained to the postmaster and station manager about

---

[1] Although Ms. Ohda filed her complaint under 42 USC  § 1983, the court analyzes her claim under 42 U.S.C. § 2000e-16, which is the exclusive remedy for sex discrimination claims by federal employees. Rennie v. Garrett, 896 F.2d 1057, 1061 (7th Cir. 1990).

these offensive comments. Not receiving the type of response that she expected, Ms. Ohda resigned the next day. On October 11, 2005, Ms. Ohda on her own initiative contacted an EEO counselor and was told of the 45-day time limit for lodging discrimination complaints. Ms. Ohda appealed the time bar to no avail.

The parties dispute whether the Postal Service publicized the time limit. Ms. Ohda claims she did not know about it until she initiated contact with an EEO counselor. She further states that the Notice of Personnel Action that she received from the Postal Service after resigning didn't contain any information on the 45-day time limit for filing a complaint. The Postal Service contends that Ms. Ohda's pre-employment package contained the time limit provision and notices were hung at the workplace to remind employees.

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment after the pleadings are closed. The court reviews Rule 12(c) motions under the same standards as motions to dismiss under Rule 12(b). Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). A motion to dismiss tests the sufficiency of the complaint, not its underlying merits, see Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. Slaney v. The Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). A *pro se* complaint, such as Ms. Odha's, must be construed liberally and held to less stringent standards than those applied to complaints drafted by attorneys. Swofford v.

2

Mandrell, 969 F.2d 547, 549 (7th Cir. 1992). With *pro se* complaints, the court should also consider allegations contained in the plaintiff's other court filings. Id. A complaint needn't be detailed, but must contain sufficient factual allegations to provide a ground for relief. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

The Postal Service contends that Ms. Ohda's complaint fails to state a claim because she failed to timely exhaust her administrative remedies. Equal Employment Opportunity regulations require aggrieved persons who believe they have been discriminated against on the basis of their sex to initiate contact with a counselor within 45 days of the alleged discriminatory event. 29 C.F.R. § 1614.105(a)(1).[2] Ms. Ohda didn't comply with the limitations period because her alleged discriminatory event occurred on August 2, 2005 and she did not initiate contact with the EEO counselor until October 11. Since Ms. Ohda didn't comply with the 45-day limit, the Postal Service contends that her complaint should be dismissed.

Mr. Ohda claims that she was not notified and was unaware of the EEOC time limit. The EEO regulations provide for an extension of the 45-day time limit when the individual shows that she was not notified of the time limits and was not otherwise aware of them. 29 C.F.R. § 1614.105(a)(2). Ms. Ohda claims she received a Notice of Personnel Action from The United States Postal Service in

---

[2] This deadline is construed as a statute of limitations and not as a jurisdictional requirement. Smith v. Potter, 445 F.3d 1000, 1006-1007 (7th Cir. 2006).

which her reasons for leaving were clearly stated, but this notice didn't contain any information on the time limit for filing a complaint. Further, she claims that this limitation was first brought to her attention on October 11, 2005 when she took it upon herself to contact an EEO counselor and was told that the time to file a complaint had lapsed. Mr. Ohda unsuccessfully appealed the time bar from October 11, 2005 until August 22, 2006.

The Postal Service attached two declarations to its reply that support its position that Ms. Ohda was on notice as to the time limit. "Rule 12(c)permits a judgment based on the pleadings alone." Northern Indiana Gun & Outdoor Shows, Inc v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). A court may also consider documents outside of the pleadings "if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). Since the defendant's declarations do not fit into either of these categories they must be excluded or the motion converted to one for summary judgment with the plaintiff afforded an opportunity to submit additional evidentiary material of her own. Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d at 431. Whether to convert the motion is subject to the judge's discretion. See Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998). The court declines to convert the motion, so the affidavits shall be excluded from consideration at this stage.

Ms. Ohda's complaint is sufficient to avoid dismissal at this point. Ms. Ohda states that she was "not notified and unaware of the forty-five day time limit" until

4

she was informed by the EEO counselor on October 11 that the time to file a complaint had lapsed. The EEO regulations allow for a tolling of the time limit under circumstances where the employee was unaware of the limitation. The court DENIES the defendant's motion to dismiss (Doc. No. 15).

SO ORDERED.

Dated:  July 31, 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court