UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JENNIFER OHDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-759 CAN |
| | ) | |
| JOHN POTTER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On October 17, 2007, Defendant John Potter (Potter) filed a motion for summary judgment. Plaintiff Jennifer Ohda (Ohda), proceeding *pro se*, filed a response in opposition to this motion on November 19, 2007. On November 20, 2007, Potter filed a reply in support of his motion. For the following reasons, Potter's motion is **GRANTED** [Doc. No. 34].

**I.    PROCEDURE**

On November 14, 2006, Ohda filed her complaint in this Court alleging that she was improperly discriminated against because of her sex by employees at the local post office. On April 10, 2007, Potter filed his answer.

On October 17, 2007, Defendant John Potter (Potter) filed a motion for summary judgment. Plaintiff Jennifer Ohda (Ohda), proceeding *pro se*, filed a response in opposition to this motion on November 19, 2007. On November 20, 2007, Potter filed a reply in support of his motion.

This Court may rule on Potter's motion pursuant to the parties' consent and 28 U.S.C. § 636(c)(1).

A.    Ohda's Motion to Supplement

On November 19, 2007, Plaintiff filed a motion for leave to file affidavits along with her response in opposition to Potter's motion for summary judgment. That motion is **GRANTED** [Doc. No. 42]. This Court will consider the affidavits Ohda has submitted.

Also, Ohda filed a "response and request for summary judgment" on November 28, 2007. This Court will construe Ohda's filing as another response, and this Court will consider Ohda's second response to Potter's motion for summary judgment.

## II.   ANALYSIS

### A.   Facts

On July 13, 2005, Ohda was hired as a part time mail carrier for the United States Postal Service in South Bend, Indiana (Plaintiff's Status Report 1). Upon her arrival, Ohda was assigned to a male training officer named Dale (Id.). At the end of Ohda's first day of training, Lydia Batteast (Batteast) met Ohda. Batteast stated, "Dale tell your little helper to go home tonight and eat something" (Id.; Deposition of Jennifer Ohda at 28). Ohda felt humiliated because she was called a "little helper" and told to "eat something" in front of a male co-worker (P.s Status Report at 1).

Within a few days, Ohda again had an encounter with Batteast (Id.). Again, Battest repeatedly called Ohda a "little helper" and made references to Ohda's weight (Id.). Again, these statements were made in front of a male co-worker, Dale (Id.).

On August 1, 2005, Ohda had a meeting with Mary Ivansics (Ivansics), Connie Tomaszewski (Tomaszewski), who were managers, and Larry Dauby (Dauby), the postmaster of South Bend, Indiana (Ohda Dep. at 39). Ohda explained what statements Batteast had made and how they had offended Ohda (Id.). Ivansics, Tomaszewski, and Dauby, all explained to Ohda

2

that they felt Batteast was a good employee and that she may have been having a bad day (Id.). Ohda felt that this meeting was unhelpful and that she was not taken seriously (Id.). The next day, Ohda resigned from her position at the post office (Id. at 42).

Ohda alleges that she was unlawfully forced to resign because of her sex in violation of Title VII of the Civil Rights Act of 1964 (Plaintiff's Compl. at 5). The issue this Court must resolve is whether Ohda suffered a constructive discharge from discriminatory working conditions based on her sex.

B.  Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Serv.s Co., 391 U.S. 253, 289 (1968)).

  C. Potter's Motion for Summary Judgment

Under a claim of a hostile work environment, the harassment must have been sufficiently severe and pervasive to alter the conditions of plaintiff's employment and create an abusive working environment. Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998). To establish a claim under this theory, Ohda must prove that (1) she was subjected to unwelcome sexual harassment; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonably interfering with Ohda's work performance in creating an intimidating, hostile or offensive working environment that seriously affected her psychological well-being; and (4) there is a basis for employer liability. Robinson v. Sappington, 351 F.3d 317, 328 -329 (7th Cir. 2003). Ohda must establish that the conduct was so sufficiently severe that she subjectively found it hostile and a reasonable person would also find it hostile. Kriescher v. Fox Hills Golf Resort & Conference Center, 384 F.3d 912, 915 (7th Cir. 2004). Title VII is not designed however, to purge the workplace of vulgarity or the occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers. Baskerville v. Culligan Intern. Co., 50 F.3d 428, 430-31 (7th Cir. 1995).

Ohda has not established that she worked in a hostile work environment. First, Ohda has not established that the harassment she received was "based on sex." "Based on sex" means that it is "unlawful to discriminate against women because they are women or against men because they are men." Spearman v. Ford Motor Co., 231 F.3d 1080, 1085 (7th Cir. 2000). Ohda must establish that the employer actually relied on her gender in making the decision. Id. Ohda claims

4

she was repeatedly called a "little helper," but this comment is not suggestive of sex on its face. Also comments Ohda's weight are not suggestive of sex on their face.  Even if the statements were made in front of a male co-worker, the statements have nothing to do with the fact that Ohda was a female.  Even if Ohda subjectively believes the statements constitute harassment, no reasonable person would consider them to be objectively related to sex.  Ohda does not offer any other reason why she believed the harassment she received was based on her gender. Consequently, Ohda has failed to establish a genuine issue as to whether the harassment she received was based on sex.

Second, Ohda has not established that her work environment was severe or pervasive. Ohda points to two or three off-hand statements by a supervisor that were made over a week's time.  As stated by the Court in Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993), "mere utterance of an . . . epithet which engenders offensive feelings in an employee . . . does not sufficiently affect the conditions of employment to implicate Title VII."  Furthermore, a reasonable person would not find a few comments to constitute pervasive harassment, and no reasonable person would find being called "a little helper," or an offhand comment about a person's weight, to be severe comments.  See Id.  Again, because Ohda does not point to anything else as a reason why her environment was hostile, she has failed to establish a genuine issue of whether she worked in a hostile environment.[1]

---

[1] It is also undisputed that Ohda quit her employment.  Thus, to the extent that Ohda makes a "constructive discharge" claim, she has also failed to establish a genuine issue of material fact to survive summary judgment.  To maintain a claim for constructive discharge, a claimant must show that working conditions were so intolerable that a reasonable person would have felt compelled to resign.  See Patton v. Keystone RV Co., 455 F.3d 812, 818 (7th Cir. 2006).  "The 'working conditions for constructive discharge must be even more egregious than the high standard for hostile work environment because . . . an employee is expected to remain employed while seeking redress.'"  Id. (citations omitted).  Because Ohda has failed to establish a hostile work environment, she is well below the mark for establishing the standard for a legitimate constructive discharge claim.

Finally, even if Ohda could articulate that she worked in a hostile work environment, which she has not, Ohda has not presented sufficient evidence to survive summary judgment. Ohda offers nothing but her own testimony to substantiate her claims, which by itself is not sufficient evidence to create a genuine issue of material fact.  See Cowan v. Glenbrook Sec. Serv.s, Inc., 123 F.3d 438, 446 (7th Cir. 1997).  Ohda does submit two identical affidavits from her parents, but they only support the contention that Ohda is a solid worker.  Neither affidavit attests to facts from Ohda's employment, and neither lends support to Ohda's claims.  Simply put, Ohda has failed to offer sufficient evidence to survive summary judgment.

Title VII is not a "general civility code."  Oncale v. Sundowner Offshore Serv.s, Inc., 523 U.S. 75, 81 (1998).  As stated in Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996), "not everything that makes an employee unhappy is an actionable adverse action.  Otherwise, minor even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'"  While Ohda may have felt humiliated and embarrassed by the comments made by her supervisor, they are simply not a legitimate basis for a cause of action under Title VII.  Ohda has failed to establish that she suffered harassment based on sex and she has failed to establish that she worked in an environment that was severe or persuasively hostile.  Because Ohda has failed to establish a triable claim under Title VII, Potter is entitled to summary judgment.

## III.   ANCILLARY MATTERS

On November 19, 2007, Ohda filed a motion for sanctions because Potter had filed some documents in violation of Local Rule 5.2.  Local Rule 5.2 requires parties to redact personal identifiers in any documents including social security numbers, the names of minor children,

dates of birth, and financial account numbers.  Potter admits that certain documents were filed in violation of Local Rule 5.2.  However, Potter filed a motion to redact and re-submit the offending documents within one month of their filing.  On November 16, 2007, this Court granted that motion and any documents that were filed in violation of Local Rule 5.2.

Contrary to Ohda's contention, it appears that Potter accidentally filed these documents rather than with malice.  Potter also moved quickly to conform with Local Rule 5.2 upon learning that it was violated.  Ohda's personal identifiers were only in the public's eye for approximately a month.  Because the harm to Ohda is relatively minor and because the violation of Local Rule 5.2 appears to be based on inadvertence, sanctions are not appropriate.  Ohda's motion for sanctions is **DENIED** [Doc. No. 41].

**IV.    CONCLUSION**

Ohda's motion to supplement is **GRANTED** [Doc. No. 42].  However, even after considering Ohda's supplementation, Ohda has failed to establish that she worked in a hostile work environment so as to constitute sexual discrimination under Title VII.  Potter's motion for summary judgment is **GRANTED** [Doc. No. 34].  Also, Ohda's motion for sanctions is **DENIED** [Doc. No. 41].  The clerk is instructed to enter judgment for Potter and term the case.

**SO ORDERED.**

Dated this 19th Day of March, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge